IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORAH HAYES AND ANGELIA
HAYES,

    Plaintiffs,

v.

THE BANK OF NEW YORK
MELLON f/k/a The Bank of New York,
as Trustee for the Certificate Holders of
CWABS, Inc., Asset-Backed
Certificates, Series 2005-13, BANK OF
AMERICA, N.A., HSBC NATIONAL
ASSOCIATION, and MCCALLA
RAYMER, LLC,

    Defendants.

CIVIL ACTION NO.
1:12-CV-2601-TWT-LTW

## MAGISTRATE JUDGE'S NON-FINAL ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on a number of motions filed by the parties. For the reasons outlined below:

(1) Defendants McCalla Raymer, LLC ("McCalla Raymer") and HSBC Bank (USA) N.A.'s ("HSBC") Motion to Dismiss should be **GRANTED**. Docket Entry [5].

(2) The Bank of New York Mellon ("BONY") and Bank of America's ("BOA") Motion to Dismiss should be **DEEMED MOOT**. Docket Entry [4].

(3) McCalla Raymer and HSBC's Motion to Stay Discovery and Pretrial Deadlines is **GRANTED**. Docket Entry [6].

(4) BONY and BOA's Motion to Stay Pretrial Deadlines and Discovery is

**GRANTED**. Docket Entry [8].

(5) Plaintiffs Norah and Angelia Hayes' ("Plaintiffs") Motion to Strike McCalla Raymer and HSBC's Motion to Dismiss is **DENIED**. Docket Entry [10].

(6) Plaintiffs' Motions to Compel are **DENIED**. Docket Entries [13, 14].

(7) HSBC's Motion for Extension of Time to File Reply Brief is **GRANTED**. Docket Entry [25].

(8) McCalla Raymer's Motion to Disregard Plaintiffs' Surreply is **GRANTED**. Docket Entry [27].

## DEFENDANTS MCCALLA RAYMER AND HSBC BANK'S MOTION TO DISMISS

Pro se Plaintiffs Norah and Angelia Hayes ("Plaintiffs") filed this lawsuit on July 27, 2012. This Court notes that the organization of Plaintiffs' Complaint is confusing, and the legal theories for Plaintiffs' claims, which appear to arise out of the foreclosure of their home, are unclear. Plaintiffs appear to contend, while mostly omitting a factual predicate for their claims, that (1) BONY, McCalla Raymer, and HSBC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692(d), and committed "theft by deception" in violation of O.C.G.A. § 16-8-3 when they used "false" documents to foreclose on Plaintiffs' home, including "Assignments" which were "false" and executed by individuals who were not employees of Mortgage Electronic Registration Systems ("MERS"); (2) BONY slandered their title by recording false assignments in violation of 15 U.S.C. § 1692(f); (3) unspecified Defendants somehow violated O.C.G.A. § 7-6A-6(d), O.C.G.A. § 44-14-64, or Section 3-309 of an unidentified statute because an

2

unidentified document was not endorsed by the Lending Group, their original lender, and they did not include the Lending Group's mailing address within the document; (3) BONY violated either Section 1692g of the FDCPA and/or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1)(A) when it did not answer Plaintiffs' qualified written request; (4) BONY acquired Plaintiffs' loan after the Pooling and Servicing Agreement closed, furnished Plaintiffs with "false and deceptive forms," misrepresented itself as a valid Assignee to the mortgage, and unjustly enriched itself; and (5) unidentified defendant(s) violated the Fifth and Fourteenth Amendment of the United States Constitution or the Uniform Commercial Code in some unspecified way.

McCalla Raymer and HSBC argue Plaintiffs' Complaint should be dismissed because (1) Plaintiffs' Complaint fails to provide notice of exactly what are Plaintiffs' claims against them; (2) Plaintiffs' Complaint fails to include facts supporting their claims; (3) Plaintiffs do not have standing to challenge the Assignments; (4) Plaintiffs' RESPA claim fails because they failed to allege any facts in support of their claims or damages; (5) Plaintiffs' FDCPA claims fail because they are nonsensical, McCalla Raymer and HSBC are not debt collectors, their actions in enforcing a security interest were not debt collection activity, McCalla Raymer and HSBC had a right to foreclose on Plaintiffs' home, and Plaintiffs fail to state any facts in support of a claim that Defendants violated Section 1692f(6); (6) Plaintiffs' claims pursuant to the Uniform Commercial Code fail because Plaintiffs have not tendered the amount owed under the loan and fail to allege facts sufficient to state a claim; (7) Plaintiffs' slander of title

AO 72A
(Rev.8/82)

claims fail because they fail to plead special damages and because BONY had authority to foreclose on the property; (8) Plaintiffs' fraud claim fails because they fail to state it with particularity; and (9) Plaintiffs' claim for punitive damages fails because all of Plaintiffs' claims fail as a matter of law, punitive damages are not allowed in cases arising out of a contract, and punitive damages cannot be predicated on a tort committed through negligence or a mistake.

This Court finds that Plaintiffs' lawsuit should be dismissed because Plaintiffs' Complaint fails to state a claim for relief. Plaintiffs not only failed to plead specific facts in support of their claims, but their legal theories are difficult to decipher. Dismissal for failure to state a claim is warranted if it does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Plaintiffs' failure to provide factual support for their legal conclusions renders

4

their Complaint insufficient to raise a right to relief beyond the speculative level or to suggest the required elements of their claims. For instance, Plaintiffs' claim in Count I for violations of the FDCPA and O.C.G.A. § 16-8-3 is inadequately pled because Plaintiffs neither reference supporting facts nor provide sufficient facts within the Count itself to explain the basis of their claim. Based on Plaintiffs' discussion in Count I, Plaintiffs may be challenging the validity of the Assignments presumably in the chain of title for their Security Deed. Plaintiffs, however, do not say so, they do not explain the role of the particular Assignment(s) at issue in the foreclosure process, they do not explain why execution of the Assignment by an individual who is not an employee of MERS renders the Assignment invalid, and they do not present any facts indicating who had authority to execute documents on behalf of MERS. (Compl., pp. 10).

In Count II of Plaintiffs' Complaint, Plaintiffs again mention only non-specific, conclusory facts in support of their claims, which were more akin to legal conclusions. For instance, Plaintiffs state that BONY has "caused to be recorded various documents including false assignments which has impaired the Consumers' title which constitutes slander of title," that McCalla Raymer recorded unspecified "false documents," and that HSBC "received payments from Plaintiffs knowing of [sic] all the documents were never in Countrywide Services possession." (Compl., p. 11). Additionally, Plaintiffs cite to several statutes, without explaining how any of the Defendants violated them, and often refer to Defendants without identify the Defendant to whom they are referring, (Compl., pp. 10-13).

5

In Count III of Plaintiffs' Complaint, Plaintiffs cite to 15 U.S.C. § 1692g concerning the debt collector's duty when a consumer disputes the debt in writing. Plaintiffs do not allege that they disputed the debt, how they disputed the debt, or that they took any actions triggering Defendants' duty to act under Section 1692g. Plaintiffs further state that BONY never responded to Plaintiffs' "qualified written request" which is a term of art under the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605(e)(1)(A), but Plaintiffs fail to reference the RESPA statute. Plaintiffs do not explain what they mean by "qualified written request," do not provide any facts about the document they considered to be a "qualified written request," and do not provide facts showing that they were damaged by BONY's alleged failure to respond to a qualified written request.

Plaintiffs also argue in Count III that BOA, McCalla Raymer, HSBC, and BONY furnished them with unspecified "false and deceptive forms" and sent them false statements in violation of 15 U.S.C. § 1692j knowing they did not have the authority to foreclose or collect on their mortgage. Plaintiffs do not identify the false and deceptive forms to which they are referring and do not explain what role each of the Defendants played in furnishing the forms. (Compl., pp. 15-17). Plaintiffs also appear to argue that it was problematic that BONY acquired their loan after the "Pooling and Servicing Agreement" was closed, but Plaintiffs provide failed to provide any specific facts indicating how the requirements of the Agreement were violated, do not explain what they mean by the notion that the Agreement was "closed," or explain the consequence

6

of acquiring their loan after the Pooling and Servicing Agreement "closed." Plaintiffs contend that BONY misrepresented itself as a valid Assignee to the mortgage to Plaintiffs' detriment, but do not provide any specific facts about the alleged misrepresentation, do not provide any facts about the Assignment or why Plaintiffs believe that the Assignment was invalid, omit information as to the date of the misrepresentation, and do not explain how Plaintiffs were misled by the alleged misrepresentation. Further, Plaintiffs contend that BONY unjustly enriched itself and obtained "pecuniary benefits from the purported and false assignment," but do not explain what pecuniary benefits BONY obtained. (Compl., pp. 17-18)

Second, Plaintiffs' Complaint is a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Describing the nature of a shotgun pleading, the United States Court of Appeals for the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged. Beckwith, 146 F. App'x at 372 ("The

7

failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading"). Thus, with a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice. See Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Consequently, the Eleventh Circuit does not require the district court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted" and has specifically instructed district courts to prohibit such pleadings as fatally defective. Strategic Income Fund, 305 F.3d at 1296 n.9; B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. Moreover, although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and this Court is not required rewrite a deficient

8

pleading. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

In this case, because of the disjointed manner in which Plaintiffs' Complaint is drafted, it is difficult to decipher what are Plaintiffs' claims. The counts listed in Plaintiffs' Complaint not only fail to refer to specific supporting facts, but often ramble and cite multiple statutes, often without providing an explanation of Plaintiffs' legal theories. Plaintiffs also mix together and conjoin multiple legal theories within their counts. This lack of organization combined with the absence of facts, makes it nearly impossible to interpret the nature Plaintiffs' claims. As a result, Defendants cannot be expected to frame a responsive pleading. Because Plaintiffs' Complaint is an inadequately pled, shotgun pleading, McCalla Raymer and HSBC's Motion to Dismiss should be **GRANTED** and Plaintiffs' Complaint should be **DISMISSED WITHOUT PREJUDICE**. See Washington v. Dep't of Children and Families, 256 F. App'x 326, 328 (11th Cir. 2007) (concluding that district court should not have dismissed shotgun pleading *with prejudice* without ordering plaintiff to amend complaint and remanding case for the district court to either order plaintiff to comply with pleading requirements or to dismiss the complaint *without* prejudice).

The Court notes that Plaintiffs are proceeding pro se. Therefore, this Court will allow Plaintiffs one opportunity to replead their Complaint to cure its deficiencies. Plaintiffs must file an Amended Complaint within fourteen (14) days of the date that the

AO 72A
(Rev.8/82)

instant Order and Report and Recommendation was signed by this Court. The Amended Complaint must (1) address the shortcomings noted herein; (2) comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth specific, non-conclusory factual allegations which directly pertain to Plaintiffs' case and suggest support for the required elements of their claims; (4) identify each cause of action in separate counts of the Complaint, provide within each count a succinct explanation of the legal theory for the claim, and identify the defendant(s) against whom the particular cause of action is brought; (5) identify by reference which specific factual allegations and acts by the Defendant supporting each cause of action within each count of the Complaint; and (6) exclude all generalized discussions of the mortgage industry, immaterial allegations, and discussion of cases or factual scenarios other than the facts specific to their own loan, security deed, and attempted nonjudicial foreclosure. **<u>Plaintiffs' failure to timely file their repleaded Complaint and cure the aforementioned deficiencies will result in this Court's recommendation that their lawsuit be dismissed with prejudice.</u>**

### **DEFENDANTS BOA AND BONY'S MOTION TO DISMISS**

Defendants BOA and BONY also move to dismiss Plaintiffs' Complaint on the grounds that (1) service of process by the Plaintiffs, themselves, on the corporate Defendants via certified mail was insufficient; (2) Plaintiffs' Complaint is a shotgun pleading and fails to provide reasonable notice of the substance of Plaintiffs' claims; (3) Plaintiffs' slander of title claim, quiet title claim, action to set aside foreclosure, and

10

claims pursuant to Section 1692f(6) of the FDCPA fail because Plaintiffs lack standing to challenge Assignments; (4) Plaintiffs' claims pursuant to Section 1692g fail because foreclosing on a mortgage is not debt collection activity and because Plaintiffs fail to allege supporting factual allegations; (5) Plaintiffs' claims under Section 1692j fail because Plaintiffs' fail to adequately allege the manner in which the forms used by the BOA and BONY were false and how Plaintiffs were damaged; and (6) Plaintiffs' punitive damages claims fail because they have not alleged any cogent claims or any basis for alleging punitive damages. Because this Court has already concluded that Plaintiffs' Complaint should be dismissed without prejudice on the grounds that it is an inadequately pled, shotgun pleading, Defendant BOA and BONY's Motion to Dismiss should be **DEEMED MOOT**.

## DEFENDANTS' MOTIONS TO STAY PRETRIAL DEADLINES

In McCalla Raymer and HSBC's Motion to Stay Discovery and Pretrial Deadlines (Docket Entry 6) and BONY and BOA's Motion to Stay Pretrial Deadlines and Discovery (Docket Entry 8), Defendants seek an Order delaying the commencement of the discovery period and staying the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures until after the District Court rules on Defendants' Motions to Dismiss. For good cause shown, Defendants' Motions are **GRANTED**. Docket Entries [6, 8].

## PLAINTIFFS' MOTION TO STRIKE MCCALLA RAYMER AND HSBC'S MOTION TO DISMISS

Plaintiffs' sole argument in their Motion to Strike McCalla Raymer and HSBC

11

Bank's Motion to Dismiss (Docket Entry 10) is a one sentence statement that McCalla Raymer and HSBC's Motion to Dismiss concerns only BONY and BOA and not HSBC or McCalla Raymer. Even if the Court were to assume that a Motion to Strike was an appropriate vehicle to challenge Defendants' Motion to Dismiss, however, Plaintiffs fail to demonstrate any basis for striking it. As this Court has already determined that Defendants' Motion to Dismiss is meritorious, Plaintiffs' Motion to Strike is **DENIED**. Docket Entry [10].

### PLAINTIFFS' MOTIONS TO COMPEL

In Plaintiffs' Motions to Compel (Docket Entries 13, 14), Plaintiffs seek to compel Defendants BONY and HSBC Bank to respond to requests to produce Plaintiffs previously sent them. Because Defendants have not yet filed their Answers, the discovery period has not yet begun. Accordingly, Plaintiffs' Motions to Compel are **DENIED**. Docket Entries [13, 14].

### HSBC'S MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS

In HSBC's Motion for Extension of Time to File Reply Brief (Docket Entry 25), HSBC seeks an additional seven (7) days to file a Reply in support of its Motion to Dismiss. For good cause shown, HSBC's Motion is **GRANTED**. Docket Entry [25].

### MCCALLA RAYMER'S MOTION TO DISREGARD PLAINTIFFS' SURELY

In McCalla Raymer's Motion to Disregard Plaintiffs' Surreply (Docket Entry 27), McCalla Raymer argues that Plaintiffs Sur-Reply (Docket Entry 24) in opposition to

12

McCalla Raymer's Motion to Stay Discovery and Pretrial Deadlines, should be disregarded by the Court. In support, McCalla Raymer points out that Plaintiffs' brief is untimely and unauthorized by the Local Rules. This Court agrees that Plaintiffs' Sur-Reply should be disregarded. The Local Rules of this Court do not authorize sur-replies, only a single response and a single reply. (LR 7.1, NDGa). Additionally, the Court cannot allow such sur-replies as a regular practice because to do so "would put the court in the position of refereeing an endless volley of briefs." Garrison v. NE Ga. Med. Ctr., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999), aff'd, 211 F.3d 130 (11th Cir. 2000). Moreover, Plaintiffs' Sur-Reply is not responsive to the issue raised in the initial Motion to Stay Discovery and Pretrial Deadlines. Accordingly, Plaintiffs' Sur-Reply shall not be considered.

## CONCLUSION

Based on the foregoing reasons, the Court concludes that:

(1) McCalla Raymer and HSBC's Motion to Dismiss should be **GRANTED**. Docket Entry [5].

(2) BONY and BOA's Motion to Dismiss should be **DEEMED MOOT**. Docket Entry [4].

(3) McCalla Raymer and HSBC's Motion to Stay Discovery and Pretrial Deadlines is **GRANTED**. Docket Entry [6].

(4) BONY and BOA's Motion to Stay Pretrial Deadlines and Discovery is **GRANTED**. Docket Entry [8].

13

(5) Plaintiffs Motion to Strike McCalla Raymer and HSBC's Motion to Dismiss is **DENIED**. Docket Entry [10].

(6) Plaintiffs' Motions to Compel are **DENIED**. Docket Entries [13, 14].

(7) HSBC's Motion for Extension of Time to File Reply Brief is **GRANTED**. Docket Entry [25].

(8) McCalla Raymer's Motion to Disregard Plaintiffs' Surreply is **GRANTED**. Docket Entry [27].

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18 day of January, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE